AO 199A Order Setting Conditions of Release

# United States District Court
## Northern District of New York

United States of America

v.

Kyle A. DeWolf
Defendant

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
JUL 10 2008
AT _____ O'CLOCK _____
Lawrence K. Baerman, Clerk - Binghamton

**ORDER SETTING CONDITIONS OF RELEASE**

Case Number: 3:08-MJ-291

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified)

_____ on _____ .
        place                                     date and time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

(✔) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( ) (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($_____) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

### Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
(Name of person or organization): _____

(City and state): _____ (Tel. No.) _____

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

**ECF DOCUMENT**
I certify that this is a printed copy of a document which was electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK.
LAWRENCE K. BAERMAN, CLERK
Dated: 7/10/08
By: /s/ Potter  Deputy Clerk

Signed: _____  _____
                Custodian or Proxy                 Date

# RECOMMENDED PRETRIAL CONDITIONS OF RELEASE

The defendant shall:

- (X) (a) Report to the Pretrial Services within 24 hours of release, telephone number (607) 773-3202, and as directed thereafter. The defendant shall allow a probation officer to visit at anytime at the defendant's home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer.
- (X) (b) Execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: $100,000.00 Secured by $10,000.00 cash.
- ( ) (c) Post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described:
- ( ) (d) Execute a bail bond with solvent securities in the amount of $
- ( ) (e) Maintain or actively seek employment.
- ( ) (f) Maintain or commence an educational program.
- ( ) (g) Surrender any passport to: **The Clerk of the Court**.
- (X) (h) Obtain no passport.
- (X) (i) Restrict travel to the Northern District of New York and Eastern District of Wisconsin unless approved by Pretrial Services or the Court.
- (X) (j) Remain at an authorized address as approved by Pretrial Services or the Court.
- ( ) (k) Avoid all contact with codefendants and defendants in related cases unless approved by Pretrial Services or the Court.
- (X) (l) Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to : **Any minor under the age of 18.**.
- (X) (m) Submit to a mental health evaluation and/or treatment as approved by Pretrial Services or the Court. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.
- ( ) (n) Return to custody each (week)day as of after being released each (week)day as of for employment, schooling, or the following limited purpose(s): .
- ( ) (o) Maintain residence at a halfway house or community corrections center, as approved by Pretrial Services or the Court.
- (X) (p) Refrain from possessing a firearm, destructive device, or other dangerous weapon.
- (X) (q) Refrain from (X) any ( ) excessive use of alcohol.
- (X) (r) Refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.
- (X) (s) Submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, and/or a remote alcohol testing system.
- ( ) (t) Participate in and successfully complete a program of inpatient or outpatient substance abuse therapy and counseling approved by Pretrial Services or the Court. The defendant shall contribute to the cost of services rendered in an amount to be determined by the probation officer based on ability to pay or availability of third party payments.
- (X) (u) Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- (X) (v) Participate in one of the following home confinement program components and abide by all the requirements of the program which (X) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program as determined by the probation officer based upon ability to pay.
- ( ) (w) **Curfew.** The defendant is restricted to the defendant's residence every day( ) from to or ( ) as directed by Pretrial Service or the Court.
- (X) (x) **Home Detention.** The defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by Pretrial Services or the Court.
- ( ) (y) **Home Incarceration.** The defendant is restricted to the defendant's residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by Pretrial Services or the Court.
- (X) (z) Report within 72 hours, to Pretrial Services or the Court any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- ( ) (sc.1) The defendant shall not possess or use a computer or Internet capable device without the approval of Pretrial Services or the Court.
- (X) (sc.2) The defendant shall not use or possess any computer or any other device with online capabilities, at any location, except at your place of employment, unless you participate in the Computer Restriction and Monitoring Program. You shall permit the United States Probation Office to conduct periodic, unannounced examinations of any computer equipment you use or possess, except at your place of employment, limited to all hardware and software related to online use (e.g., use of the World Wide Web, e-mail, instant messaging, etc.) and the viewing of pictures or movies that may violate your conditions of pretrial release. These examinations may include

|            | |
|---|---|
| | retrieval and copying of data related to online use from this computer equipment and any internal or external peripherals. This computer equipment may be removed to the Probation Office for a more thorough examination. The Probation Office may install any hardware or software system that is needed to monitor your computer use, subject to the limitations described above, and you will be responsible for paying for the monitoring program. |
| ( ) (sc.3) | The defendant shall not frequent places where persons under the age of 18 are likely to congregate. This shall include, but is not limited to, schools, parks and arcades, unless it is approved by Pretrial Services or the Court. |
| ( ) (sc.4) | The defendant shall not have any direct contact with a person under the age of 18 unless it is supervised by a person approved of by Pretrial Services or the Court. You shall not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by Pretrial Services or the Court. You shall reasonably avoid and remove yourself from situations in which you have any other form of contact with a minor. |
| (X) (sc.5) | The defendant shall not subscribe to or use any Internet services at any location without the approval of Pretrial Services or the Court. Telephone bills, credit card bills and service agreements shall be provided upon the request of Pretrial Services or the Court. |
| (X) (sc.6) | The defendant shall not utilize any Internet site directly or through another person unless it is approved by Pretrial Services or the Court. |
| ( ) (sc.7) | The defendant shall participate in a mental health program which shall include medical, psychological, or psychiatric evaluation, and may include participation in a treatment program for sexual disorders. The program shall be approved by the United States Probation Office. |
| ( ) (sc.8) | The defendant shall contribute to the cost of any evaluation, testing, treatment and/or monitoring services rendered in an amount to be determined by the United States Probation Office based on your ability to pay and the availability of third party payments. |
| ( ) (sc.9) | The Court finds there is a reasonably foreseeable risk that you may engage in criminal conduct similar or related to the present offense or your past criminal conduct. Therefore, the Court directs you to notify of risks that may be occasioned by your criminal record or personal history or characteristics, and directs the probation officer to confirm your compliance with this notification requirement. |
| ( ) | |
| ( ) | |

rev. (2/2007)

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court. The penalties for tampering, retaliating and intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony, you shall be fined not more than $250,000 or imprisoned for not more than two years, or both;
  (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_Kyle D. Wolf_
Signature of Defendant

_Binghamton, NY_
City and State

## Directions to United States Marshal

( ) The defendant is ORDERED released after processing.

(X) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: 7/10/08

_David E. Peebles_
Hon. David E. Peebles
U.S. Magistrate Judge

AO 98 (Rev. 11/07) Appearance Bond

# UNITED STATES DISTRICT COURT
Northern District of New York

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUL 10 2008
AT____ O'CLOCK____
Lawrence K. Baerman, Clerk - Binghamton

UNITED STATES OF AMERICA
V.
Kyle A. DeWolf
Defendant

**APPEARANCE BOND**

Case Number: 3:08-mJ-291

☐ Non-surety: I, the undersigned defendant acknowledge that I and my ...
☒ Surety: We, the undersigned, jointly and severally acknowledge that we and our ...
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 100,000.00 , and there has been deposited in the Registry of the Court the sum of
$ 10,000.00 in cash or _____ (describe other security.)

The conditions of this bond are that the defendant _____
(Name)
is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on _____ Date at _____ Place

Defendant: KYLE DEWOLF   Address: 15 Tudor St
Surety: David M Viele   Address: 15 Tudor St Binghamton NY
Name: David M Viele   15 Tudor St Binghamton NY
Surety: Denise Viele   Address: 15 Tudor St Bing.
Name: Denise Viele

Signed and acknowledged before me 7/10/08
Date
Judge/Clerk

S.C.J. DOCUMENT
I certify that this is a printed copy of a document which was Approved electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK.
LAWRENCE K. BAERMAN, CLERK
Dated: 7/10/08
By: _____ Deputy Clerk

CLOSED

# U.S. District Court
## Northern District of New York - Main Office (Syracuse) [LIVE - Version 3.2.1]
## (Binghamton)
## CRIMINAL DOCKET FOR CASE #: 3:08-mj-00291-DEP-1
## Internal Use Only

| | |
|---|---|
| Case title: USA v. Dewolf | Date Filed: 07/07/2008 |
| Other court case number: 08-59m Eastern District of Wisconsin | Date Terminated: 07/10/2008 |

Assigned to: Magistrate Judge David E. Peebles

**Defendant (1)**

Kyle Dewolf                          represented by   Melissa A. Tuohey
*TERMINATED: 07/10/2008*                              Office of the Federal Public Defender -
                                                     Syracuse Office
                                                     Districts of Northern New York &
                                                     Vermont
                                                     The Clinton Exchange, 3rd Floor
                                                     4 Clinton Square
                                                     Syracuse, NY 13202
                                                     315-701-0080
                                                     Fax: 315-701-0081
                                                     Email: melissa.tuohey@fd.org
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*
                                                     *Designation: Public Defender or
                                                     Community Defender Appointment*

**Pending Counts**                                    **Disposition**

None

**Highest Offense Level (Opening)**

None

**Terminated Counts**                                 **Disposition**

None

**Highest Offense Level (Terminated)**

ECF DOCUMENT
I certify that this is a printed copy of a document which was electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK.
LAWRENCE K. BAERMAN, CLERK
Dated: 7/10/08
By: _____ Deputy Clerk

None

**Complaints**                          **Disposition**

None

**Plaintiff**

USA                          represented by   **Kevin P. Dooley**
                                              Office of United States Attorney -
                                              Binghamton
                                              15 Henry Street
                                              319 Federal Building
                                              Binghamton, NY 13901
                                              607-773-2887
                                              Fax: 607-773-2901
                                              Email: kevin.dooley@usdoj.gov
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/07/2008 | 1 | Rule 5 Documents Received as to Kyle Dewolf from the Eastern District of Wisconsin. (sal, ) (Entered: 07/07/2008) |
| 07/07/2008 |   | Attorney update in case as to Kyle Dewolf. Attorney Melissa A. Tuohey added. (sal, ) (Entered: 07/07/2008) |
| 07/07/2008 |   | TEXT Minute Entry for proceedings held by video (BING-SYR) before Magistrate Judge David E. Peebles: Initial Appearance in Rule 5 Proceedings as to Kyle Dewolf held on 7/7/2008. The Deft. does not have any objection to having this proceeding held by video. A copy of the complaint filed in the Eastern District of Wisconsin is provided to the Deft.. The Deft. is advised of his rights. Maximum penalty of charges is stated. Financial Affidavit is reviewed. Judge finds the Deft. eligible for appointment of counsel just for the purposes of proceedings held in this district. Judge appoints the OFPD as counsel. The Deft. waives his right to an identity hearing and preliminary hearing. Waiver of Rule 5 & 5.1 Hearings form is signed by the Deft. and Deft's. counsel. A detention hearing is set for 7/10/08 at 9:30 AM in Binghamton before Judge Peebles. The Deft. is remanded to the custody of the USMS pending the detention hearing. APP: Kevin Dooley, AUSA, Melissa Tuohey, Asst. FPD. (Tape#: SYR VC-43). (sal, ) (Entered: 07/07/2008) |
| 07/07/2008 | 2 | WAIVER of Rule 5 & 5.1 Hearing by Kyle Dewolf (sal, ) (Entered: 07/07/2008) |
| 07/07/2008 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Kyle Dewolf. Signed by Magistrate Judge David E. Peebles on 7/7/08. (sal, ) (Entered: 07/07/2008) |

| 07/07/2008 | 4 | NOTICE OF ATTORNEY APPEARANCE: Melissa A. Tuohey appearing for Kyle Dewolf (Tuohey, Melissa) (Entered: 07/07/2008) |
|---|---|---|
| 07/10/2008 |   | Minute Entry for proceedings held before Magistrate Judge David E. Peebles;Detention Hearing as to Kyle Dewolf held on 7/10/2008; App: K. Dooley, AUSA, for Govt; M. Tuohey, AFPD, for Deft; Court Reporter: V. Theleman; M. Pierce, Pretrial Services; AUSA is heard and continues recommendation of detention; Atty Tuohey is heard in response and requests the Deft be released on conditions; Judge states decision of release upon the record; Deft released on $100,000.00 bond secured by $10,000.00 cash w/special conditions; AUSA to obtain an appearance date from Wisconsin for Deft; Deft ordered released once bail is posted. (amt) (Entered: 07/10/2008) |
| 07/10/2008 | 5 | ORDER Setting Conditions of Release. Signed by Magistrate Judge David E. Peebles on 7/10/08. (sfp, ) (Entered: 07/10/2008) |
| 07/10/2008 | 6 | APPEARANCE BOND Entered as to Kyle Dewolf (sfp, ) (Entered: 07/10/2008) |
| 07/10/2008 | 7 | SEALED DOCUMENT - maintained in Clerk's Office and not available for electronic viewing (sfp, ) (Entered: 07/10/2008) |
| 07/10/2008 | 8 | Sealing Order to Seal Document 7 as to Kyle Dewolf. Signed by Magistrate Judge Gustave J. DiBianco on 7/10/08. (sfp, ) (Entered: 07/10/2008) |
| 07/10/2008 | 9 | SEALED DOCUMENT - maintained in Clerk's Office and not available for electronic viewing (sfp, ) (Entered: 07/10/2008) |
| 07/10/2008 | 10 | Sealing Order to Seal Document 9 as to Kyle Dewolf. Signed by Magistrate Judge David E. Peebles on 7/10/08. (sfp, ) (Entered: 07/10/2008) |
| 07/10/2008 | 11 | COURT NOTICE transferring the case to the Eastern District of Wisconsin. (Attachments: # 1 ECF Instructions)(sfp, ) (Entered: 07/10/2008) |