UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

      v.                                Case No. 08-CR-224

KYLE DeWOLF,

          Defendant.

**RESPONSE OF THE UNITED STATES TO DEFENDANT'S
MOTION TO DISMISS PURSUANT TO 18 U.S.C. § 3161**

**I.    Facts.**

The issued raised in the defendant's motion to dismiss depends heavily on the chronology of events within the last few months of this year. The chronology described in the defense motion is accurate but incomplete.

On Thursday July 3 a complaint and warrant for the arrest of defendant DeWolf was issued in this district. The complaint was based on an affidavit which summarized evidence available at that time to the effect that the defendant, an adult man, had established an internet relationship with a 14 year-old girl in Kenosha County, had traveled to Wisconsin to meet her after his discharge from the Army, had sexual relations with her although he knew she had four years of high school left, and had taken her out of Wisconsin, driving east, at least as far as Pennsylvania.

The defendant was found with the victim in New York state on the night of July 3 and arrested. The following day was a national holiday. The defendant appeared in federal court in New York on the next business day, July 7. At that time, he waived his identity hearing and a preliminary hearing in New York.

On July 10, a detention hearing was held before a Magistrate Judge in New York. Bail was set for the defendant at $100,000, with ten percent of that to be posted. The Assistant United States Attorney involved in that hearing was directed to obtain an appearance date for the defendant in this district. (R. 5). That was apparently done promptly as a notice for the defendant's initial appearance in this district was issued on July 10. (R. 3).

On July 15, the ten percent bail was posted for the defendant and he was released from custody. At all New York proceedings, he was represented by Attorney Melissa Tuohey (R. 5).

The defendant traveled with his stepfather to Milwaukee and first appeared in court here before Magistrate Judge Aaron Goodstein as scheduled on July 21. At that time, he was represented by Attorney Nancy Joseph who has continued to represent him. The defendant was detained without bail at that time and a preliminary hearing was scheduled for July 25.

On that day, the defendant waived his right to a preliminary hearing. Undersigned counsel stated on the record that the United States intended to present an indictment to the grand jury on August 19. Defense counsel expressed no concern over that date at that or any time until September 17 when this motion to dismiss was filed.

The indictment, covering largely the same activity as was covered in the original complaint, was returned by the grand jury on August 19. This motion followed, four weeks later.

**II.     There has been no violation of the Speedy Trial Act**.

The Speedy Trial Act includes a provision at 18 U.S.C. § 3161(b) that, "Any information or indictment charging an individual with the commission of an offense shall be filed within 30 days from the date on which such individual was arrested or served with a summons in connection with such charges." Under § 3162(a)(1), if that 30 day limit is not complied with, the charges shall be

dismissed.

The defendant's motion argues that his indictment came more that 30 days after his arrest, so the charges must be dismissed. That motion must be denied for the reason that there has been no violation of the 30 day limit found in the Speedy Trial Act.

Under § 3161(h), certain periods of time are excluded in computing the time in which an indictment must be filed:[1]

> (1) any period of delay resulting from other proceedings concerning the defendant, including but not limited to -
>
> > . . .
> > (G) delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure;
> >
> > (H) delay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of 10 days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable . . .

If we simply look at what happened in this case in light of those exclusions, it is apparent that there was no violation of the 30 day rule.

The defendant was arrested in New York on the evening of Thursday, July 3. Friday was a national holiday followed by a holiday weekend so it was normal and expectable that the defendant's initial appearance in court in New York was Monday, July 7. Under Rule 5 of the Federal Rules of Criminal Procedure, the defendant had a right to certain proceedings to determine whether he would be removed to the Eastern District of Wisconsin. Those proceedings ran from his

---

[1] The defense motion mistakenly cited this subsection on excludable time as § 3161(g).

July 7 initial appearance to his July 10 detention hearing. At that time, bail was set and, in anticipation of the defendant's release on bail, arrangements were made to obtain a date on which the defendant was to appear in this district. That date was set as July 21. July 10 was a Thursday and it took the defendant's family until Tuesday, July 15 to put together the funds necessary to bail him out.

So, all of this time from July 3 through 15 was excluded from the 30 day limit under § 3161(h) since all of that time was consumed in completing necessary legal proceedings to which the defendant was entitled relating to his bail and his removal to this district.

At that point, the defendant was out of custody and expected to get himself to Milwaukee. Section 3161(h)(1)(H) states that any time that transportation takes which exceeds 10 days[2] is presumed to be unreasonable. That was no problem here as the defendant appeared before Magistrate Judge Aaron Goodstein on July 21, six days after his release and certainly within a reasonable time.

So, excludable time under § 3161(h)(1) takes this case up to July 21. The defendant was indicted on August 19, twenty-nine days later and within the thirty day deadline, absent excludable time.

This conclusion, obvious from the statutes, is consistent with applicable case law from various courts. A good example is *United States v. Hernandez*, 863 F.2d 239 (2d Cir. 1988). In that case, a defendant was arrested in Nevada on July 24, 1987 on a federal warrant from Vermont. His removal was ordered on July 28 and he was directed to appear in Vermont on August 14. He was

---

[2] Under Rule 45 of the Federal Rules of Criminal Procedure, any time deadline of less than 11 days excludes weekends and legal holidays. That rule applies to Speedy Trial Act issues. *See, United States v. Lewis*, 484 F.Supp. 2d 380, 388 (W.D. Pa. 2007) (and cases cited therein).

not in custody and did appear in Vermont on August 13. He was indicted on September 10, 1987. The defendant argued that the indictment had to be dismissed because there had been 48 days between his arrest and his indictment. However, the Second Circuit relied on §§ 3161(h)(1)(G) and (H) as well as guidelines to the Speedy Trial Act to hold that the time between the defendant's arrest in another district and his appearance in the charging district was excluded in computing the 30 days, as long as the period of delay was not unreasonable. Since the delay in *Hernandez* was not unreasonable, the 30 day time limit to indict began to run on August 13, 1987 so the September 10 indictment was timely. 863 F.2d at 242-3. The Sixth Circuit reached the same result in a similar situation in *United States v. Edgecomb*, 910 F.2d 1309, 1315 (6th Cir. 1990), which involved a delay of 60 days between the arrest and indictment. The holdings of these two circuits certainly support the conclusion here that defendant DeWolf's 30 days did not start running until he appered here on July 21.

Without much analysis, the defense motion tries to rely on *United States v. Villanueva*, 2007 WL 1813922 (E.D. Wis. 2007), an unpublished order from Magistrate Judge Goodstein in Case No. 07-CR-149. *Villanueva* did find a violation of the Speedy Trial Act in indicting the defendant beyond the 30 day limit but that order dealt with a significantly different situation than the case at bar. *Villanueva* involved 111 days between arrest and indictment, not the 47 days in the case at bar. The transportation of *Villanueva* from Texas to Wisconsin took 85 days, well beyond the 10 days suggested in § 3161(h)(1)(H). Defendant Villanueva was in custody throughout the entire process so was at the mercy of the scheduling of the Marshals Service, not able to travel to this district on his own schedule like defendant DeWolf. Defendant Villanueva filed a motion to dismiss charges before the indictment against him was returned while defendant DeWolf waited until four weeks

after the indictment. The government conceded that the indictment was untimely in *Villanueva* but makes no such concession in the case at bar. For all these reasons, *Villanueva* is clearly distinguishable and provides the defense with no support in the case at bar.

In sum, the Speedy Trial Act itself and case law from other circuits support the conclusion that the timing of the indictment in this case did not violate § 3161(b). As a result, the motion to dismiss must be denied.

**III. If the Speedy Trial Act was violated, any resulting dismissal of the complaint must be without prejudice.**

The defense motion asks this Court for dismissal but does not state whether it seeks dismissal with prejudice or without. As argued above, the United States takes the position that there has been no violation of the Speedy Trial Act and its 30 day requirement. If this Court disagrees with that position, the United States also contends that any dismissal here should be without prejudice.

Section 3162(a)(1) states that if there is a violation of the 30 day rule, the charge in the complaint shall be dismissed and:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstance of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

The question of whether any dismissal in this context is with or without prejudice is committed to the trial court's discretion. *Hernandez*, 863 F.2d at 243. That discretion is to be guided by various factors listed in the statute or in applicable case law. One is the seriousness of the offense. Section 3162(a)(1); *Hernandez*, 863 F.2d at 243; *Villanueva*, at 3. The statute also lists the facts and circumstances of the case which led to the dismissal. Those facts and circumstances include the length of the delay. *Hernandez*. Courts can also consider whether there was prejudice

to the defendant. *Hernandez.* Various cases have looked at whether there was bad faith or improper motive by the government to try to gain tactical advantage. *Hernandez*; *Villanueva*; *United States v. Hope*, 202 F.Supp. 2d 458, 460 (D.N.C. 2001); *United States v. Archer*, 984 F.Supp. 321, 324 (E.D. Pa. 1997). *Villanueva* also looked at whether the defendant was represented throughout the process or had been lost in the system and whether defense counsel had earlier expressed concern about the delay to the government.

Literally all of these factors would support dismissal without prejudice in the case at bar. This case certainly involves serious offenses in which the defendant is charged with sexually exploiting a girl too young to consent to sexual activity at a time when she was barely out of middle school. On top of that, the defendant took her out of Wisconsin without her parents' knowledge or consent to the state of New York in a trip in which involved further sexual exploitation. The impact of allowing continued prosecution would have, at worst, a negligible effect on the legal system's concern with the Speedy Trial Act while disallowing continued prosecution would allow a major crime to go unprosecuted.

As explained above, the facts and circumstances surrounding this brief delay do not even support dismissal, much less dismissal with prejudice. The length of the delay was not especially long, 47 days from arrest 1,000 miles away to indictment here. The defense has alluded to no unfair prejudice suffered by the defendant as a result of this brief delay and undersigned counsel is aware of no such prejudice. There is no indication of bad faith or improper motive by the government as this case has proceeded through a series of normal, expectable steps, which have not resulted in any tactical advantage for the prosecution.

Before Magistrate Judge Goodstein on July 25, undersigned counsel told the court and

defense counsel when the indictment would be sought and the indictment was returned on that day. Defense counsel expressed no concern at that point or at any other point until nearly a month after the indictment. The defendant was represented at all times in New York and Wisconsin so was not lost in the system without legal guidance.

A dismissal of this case with prejudice on this ground would be an abuse of the Court's discretion. If the Court finds a violation of the Speedy Trial Act, the only reasonable remedy is a dismissal of the complaint without prejudice, leaving this case to proceed on the pending indictment.

Respectfully submitted at Milwaukee, Wisconsin, this 24th day of September 2008.

                                STEVEN M. BISKUPIC
                                United States Attorney

By:

                                s/ MEL S. JOHNSON
                                Assistant United States Attorney
                                Bar Number 1017036
                                United States Attorneys Office
                                U.S. Federal Building & Courthouse
                                517 E. Wisconsin Avenue, Room 530
                                Milwaukee, WI 53202
                                414/297/1700        Fax 414/297-1738
                                Mel.johnson@usdoj.gov